UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY J.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5649-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, by discounting his testimony, and by fashioning an erroneous RFC. (Dkt. # 25.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1977 and previously worked as a maintenance mechanic and heavy equipment and truck mechanic. AR at 23. Plaintiff applied for benefits in January 2018, alleging disability as of January 31, 2013. *Id.* at 14. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in September 2019, taking testimony from Plaintiff and

ORDER - 1

a vocational expert. *See id.* at 72-121. In June 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 11-30. In relevant part, the ALJ found Plaintiff's severe impairments of right eye vision loss, limited vision left eye, degenerative disc disease and other back issues, and right foot plantar fasciitis limited him to light work subject to a series of further limitations. *Id.* at 18. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 24-25. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating the Medical Evidence

Plaintiff filed his disability claim in 2018. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With

these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

   *1.   Andrea DeLong, ARNP*

The ALJ found ARNP DeLong first opined in 2017 Plaintiff "was limited to sedentary work and should be limited to working 1-10 hours a week." AR at 22; *see id.* at 417-18. The ALJ also found "[s]he later opined in July 2019 that the claimant is able to lift and carry up to 20 pounds occasionally, but can sit, stand, and walk an hour or less total each; requires the use of a cane; can never to [*sic*] occasionally perform postural activities except frequent climbing stairs and ramps; no heights; occasional moving mechanical parts, extreme cold, and vibration; and frequent operating a motor vehicle in extreme heat." *Id*. at 22; *see id.* at 506-11. The ALJ found her opinions "not persuasive." *Id*.

The ALJ found ARNP DeLong's 2019 form "appears to be incorrectly filled out with Ms. DeLong indicating the claimant can only sit, stand, and walk 1 hour or less each at a time and per day, suggesting the claimant is bedbound, which the claimant is not. She also indicates the claimant can lift up to 10 pounds occasional [sic] but also up to 20 pounds occasionally." AR at 22. Nevertheless, the ALJ discounted the opinion on the ground that "even to the extent Ms. DeLong suggests the claimant has physical abilities consistent with a reduced sedentary level, the opinion is not consistent with the longitudinal record as discussed above in evaluating the DDS opinion." *Id.* at 22-23. The ALJ's finding is legally insufficient, as a vague and conclusory reference to the "the longitudinal record as discussed above" fails to provide a cogent explication for discounting ARNP DeLong's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (ALJ errs in rejecting medical opinion when listing, without further explanation, medical evidence seriatim). The ALJ's recitation of the medical evidence "discussed above" does not reasonably flesh out why Plaintiff is limited to light rather than sedentary work. It is not the job

ORDER - 4

of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ accordingly erred by relying on a conclusory finding to discount ARNP DeLong's opinion.

However, the ALJ also discounted ARNP DeLong's opinion as inconsistent with her treatment notes. AR at 23. Substantial evidence supports this finding. The ALJ found, and Plaintiff does not dispute, "[t]reatment notes in the file from Ms. DeLong show she performed annual exams advised him on exercise, diet, and taking his medications, referred him to a podiatrist for plantar fasciitis and prescribed him a cane at his request, and other visits only involved filling out forms[.]" *Id.* The ALJ validly discounted ARNP DeLong's opinion on this ground. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings). Plaintiff's argument to the contrary – that "the kind of findings the ALJ was searching for" were not a "valid indicator of the level of impairment" Plaintiff experienced (dkt. # 25 at 13) – is inapposite. The ALJ's decision makes clear the ALJ did not "search" for particular findings in ARNP DeLong's file but rather concluded ARNP DeLong's file did not contain findings supporting her opined limitation to sedentary work.

Finally, the ALJ discounted ARNP DeLong's opinion in favor of the opinions of the DDS consultants which the ALJ found were aligned with the longitudinal record. The ALJ may validly reject ARNP DeLong's opinion as inconsistent with the opinions of DDS consultants Howard Platter, M.D. and Alnoor Virji, M.D. AR at 23. Plaintiff does not challenge the ALJ's treatment of Drs. Platter and Virji's opinions and the weight the ALJ gave their opinions. In sum, the ALJ gave two valid reasons to discount ARNP DeLong's opinion, and the Court accordingly declines to disturb the ALJ's determination.

### 2. Beth Liu, M.D.

Dr. Liu examined Plaintiff in March 2018, reviewed his medical record, and opined Plaintiff is able to "lift or carry up to 10 [pounds] occasionally," "sit for 40 minutes at one time without interruption and up to 3-4 hours total in an 8 hour work day," "stand for 30 minutes at one time without interruption and up to 3 hours total in an 8 hour work day," "walk for 20 minutes at one time without interruption and up to 1-2 hours in an 8 hour work day," "use his hands frequently for most hand activities except reaching overhead, pushing or pulling which he may avoid performing due to back condition," and "perform some postural activities occasionally." AR at 424. Dr. Liu also opined Plaintiff "should avoid performing climbing ladders or scaffolds, kneeling or crawling because of back condition and right eye blindness" and should avoid "unprotected heights, moving mechanical parts, and operating a motor vehicle." *Id*. The ALJ found Dr. Liu's opinion "not persuasive." *Id.* at 23.

The ALJ first discounted Dr. Liu's opinion because "it does not adequately explain her [sic] extremely restricted exertion abilities, in addition to the use of his hands, where he otherwise had a generally normal exam." AR at 23. Plaintiff argues Dr. Liu "had the opportunity to make first-hand observations of Plaintiff's behaviors during the course of her examination" and "reviewed at least a few treatment notes and the MRI report," whereas "[t]he reviewing sources were only able to review the records and Dr. McKown was limited to reviewing a single treatment note and 'guessing' at Plaintiff's functioning after a truncated examination." (Dkt. # 25 at 14.) Plaintiff's argument does not address the ALJ's finding that Dr. Liu's opinion is unsupported by and inconsistent with her own exam findings, or show the ALJ erred in arriving at this conclusion. Plaintiff bears the burden of showing the ALJ harmfully erred, *see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), and falls short of meeting this burden.

The ALJ also discounted Dr. Liu's opinion because "[t]he opinion of the DDS doctors and Dr. McKown are more consistent with the longitudinal record as discussed above." AR at 23. As noted above, Plaintiff does not challenge the ALJ's treatment of the DDS doctors' opinions and, as discussed above, the ALJ may reject a medical opinion as inconsistent with another medical opinion and did not err by crediting the DDS opinions.

        *3.     James McKown, M.D.*

Dr. McKown examined Plaintiff on September 27, 2018, and opined Plaintiff's "[m]aximum standing and walking capacity" is "at least 2 hours … based on history of what he has been able to do in the past … his limited [range of motion] and [his] inability to perform hip and knee examinations; he refused as he did not want to suffer pain." AR at 443. Dr. McKown "guess[ed]" Plaintiff's "[m]aximum sitting capacity" is "at least 2 hours." *Id.* Dr. McKown further opined Plaintiff could lift/carry "20 pounds occasionally and 10 pounds frequently[.]" *Id.* Among other things, Dr. McKown also opined Plaintiff could occasionally work at heights, but remarked "once again the back condition is unknown at this time." *Id.*

The ALJ found Dr. McKown's opinion "persuasive." AR at 22. The ALJ found Dr. McKown's opinion "regarding a light exertional level with further restricted standing, walking, postural activities, and exposure to hazards is consistent with the longitudinal record as discussed above in evaluating the DDS opinion." *Id.*

Plaintiff argues the ALJ's crediting of Dr. McKown's opinion ran afoul of 20 C.F.R. § 404.1520c(c). The Court disagrees. The ALJ segregated Dr. McKown's admitted guesswork from the "general opinion" of the doctor regarding a light exertional level with further restricted standing, walking, postural activities, and exposure to hazards, AR at 22, thus mitigating supportability concerns. *See* 20 C.F.R. § 404.1520c(c)(1). Further, the opinion is inconsistent with ARNP DeLong and Dr. Liu's opinions, which, as discussed above, the ALJ properly

discounted, and consistent with the DDS opinions. *See* 20 C.F.R. § 404.1520c(c)(2). The ALJ accordingly did not err by crediting Dr. McKown's opinion.

### B. The ALJ Did Not Err by Discounting Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified his symptoms "limit his ability to see; lift; stand, walk, and sit for extended periods; perform all listed postural activities; reach; and use his hands." AR at 19. The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* at 21.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. AR at 21. Because the ALJ properly discounted ARNP DeLong and Dr. Liu's opinions, and properly credited Dr. McKown and the DDS doctors' opinions, the ALJ validly rejected Plaintiff's testimony on this ground. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)).

The ALJ next discounted Plaintiff's testimony as inconsistent with his "routine and conservative nature" treatment. AR at 21. Substantial evidence does not support this finding.

Plaintiff testified he is not candidate for either surgery or physical therapy. *Id*. at 85. Plaintiff testified he was given a "low probability of walking after surgery." *Id.* Similarly, Plaintiff testified if moved or twisted in a certain way, physical therapy could leave him paralyzed. *Id.* at 105. An ALJ errs when a claimant has a good reason for not obtaining aggressive treatment. *See Carmickle*, 533 F.3d at 1162 ("Carmickle testified that he does not take other pain medication because of adverse side effects . . . on this record Carmickle's minimal treatment is not a proper basis to find him not credible."). Here, Plaintiff testified to his concerns about paralysis – which the ALJ did not reject. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground. The error is harmless, however, in light of the valid reason supported by substantial evidence given to discount the testimony, as discussed. *See id.*

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with his activities. AR at 21. Substantial evidence does not support this finding. The ALJ cites minimal activities, such as "doing light household chores, driving during daylight hours, and taking care of his special needs teenage son," *id.*, that do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Of note, Plaintiff's eye impairments "affect[] his driving at *night*." AR at 422 (emphasis added). Further, the sparsity of details surrounding Plaintiff's childcare responsibilities, save for "help[ing] him get ready for school and cook[ing] for him," *id.* at 19,

undermines the probative value of the activity. *See Trevizo*, 871 F.3d at 676 ("[T]he record provides no details as to what Trevizo's regular childcare activities involved. The ALJ did not develop a record regarding the extent to which and the frequency with which Trevizo picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations[.]"). The error is harmless, however, in light of the valid reason supported by substantial evidence given to discount the testimony, as discussed above. *See Carmickle*, 533 F.3d at 1162.

### C. The ALJ Did Not Err by Formulating the RFC

Plaintiff argues the ALJ's RFC formulation erroneously omitted Plaintiff's "need" for a cane. (Dkt. # 25 at 17.) Although Plaintiff contends ARNP DeLong opined Plaintiff needed a cane, the record makes clear ARNP DeLong did not opine Plaintiff was functionally limited to work that allows the use of a cane. In any event, the ALJ properly discounted ARNP DeLong's opinion, as discussed above. Plaintiff otherwise fails to meet his burden of proving the ALJ harmfully erred. The ALJ's RFC determination was accordingly not erroneous.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 1st day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge